1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

VICTOR BAGHA,                                  1:10-CV-01047 OWW SMS HC

               Petitioner,        FINDINGS AND RECOMMENDATIONS
                                               REGARDING PETITION FOR WRIT OF
    v.                                         HABEAS CORPUS

14

WARDEN BENOV,

15

               Respondent.

16

_____/

17

      Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas

18

corpus pursuant to 28 U.S.C. § 2241.

19

**BACKGROUND**

20

      On August 4, 1986, Petitioner was convicted in the United States District Court for the

21

Central District of California of conspiracy in violation of 18 U.S.C. § 371; false statements to a

22

bank in violation of 18 U.S.C. § 1014; false statements to a bank causing an act to be done in

23

violation of 18 U.S.C. § 1014 and 2(b); and attempt to execute a scheme to defraud a bank in

24

violation of 18 U.S.C. § 1344.  (See Resp't's Answer Ex. A.)  He was sentenced to serve a total term

25

of 18 years in prison plus 5 years of probation upon release. (Id.)

26

      On September 16, 1988, Petitioner was convicted in the United States District Court for the

27

District of Nevada of conspiracy to commit fraud by wire in violation of 18 U.S.C. § 371. (See

28

Resp't's Answer Ex. B.)  He was sentenced to five years in prison to be served concurrently with his

1  1986 sentence. (Id.)

2      On February 18, 1992, the United States Parole Commission (hereinafter "Parole

3  Commission") paroled Petitioner from his 18-year term. (See Resp't's Answer Ex. C.)  Petitioner

4  was then placed under the 5-year probation supervision as ordered by the District Court as well as

5  parole supervision by the Parole Commission.

6      On January 29, 1996, the United States District Court for the Central District of California

7  revoked Petitioner's probation and ordered him to serve 4 years.  (See Resp't's Answer Ex. D.) On

8  March 21, 1997, he was paroled from that 4-year term and given a full term expiration date of

9  November 21, 1999. (See Resp't's Answer Ex. E.)  On July 16, 1998, the Parole Commission

10  recommended Petitioner continue on parole supervision since he had not yet served enough time.

11  (See Resp't's Answer Ex. F.)

12      On May 11, 1999, the Parole Commission issued a warrant charging Petitioner with violating

13  a special condition, to wit, opening a checking account without approval by supervision officers,

14  leaving the district without permission, associating with person having a criminal record or engaging

15  in criminal activity, grant theft, second degree burglary, forgery, and fraud. (See Resp't's Answer Ex.

16  G.)  The warrant was executed on January 20, 2000, and Petitioner was taken into custody. (See

17  Resp't's Answer Ex. H.)  On October 21, 2000, based on the fact that Petitioner violated conditions

18  of his parole release by committing crimes of grand theft, forgery, and fraud, the Parole Commission

19  revoked parole. (See Resp't's Answer Ex. I.) On March 14, 2001, Petitioner was paroled again with

20  a full term expiration date of December 14, 2011. (See Resp't's Answer Ex. J.)

21      On June 10, 2002, the Parole Commission issued a warrant charging Petitioner with violating

22  special conditions, to wit, opening new credit accounts and providing a false financial statement.

23  (See Resp't's Answer Ex. K.)  Thereafter, on December 16, 2002, the Parole Commission again

24  revoked parole. (See Resp't's Answer Ex. L.)  He paroled again on April 4, 2004, with a full term

25  expiration date of December 14, 2011. (See Resp't's Answer Ex. M.)

26      On June 16, 2006, and December 23, 2008, the Parole Commission conducted supervision

27  reviews to determine whether Petitioner was eligible for early termination of supervision. (See

28  Resp't's Answer Exs. N, O.) In both instances, the Parole Commission concluded Petitioner required

1   continued supervision due to his extensive history of fraud. (Id.)

2          On June 2, 2009, the Parole Commission issued a warrant charging Petitioner with failing to

3   provide a probation officer with complete and truthful information, associating with a person having

4   a criminal record, failing to refrain from employment claiming to be a medical doctor, and practicing

5   naturopathic medicine without a license. (See Resp't's Answer Ex. P.)  He was taken into custody on

6   June 18, 2009. (See Resp't's Answer Ex. Q.)  On June 29, 2009, the probation office conducted a

7   preliminary interview. (See Resp't's Answer Ex. R.)  Petitioner was informed of the charges against

8   him. (Id.) He denied them and stated he would provide further information at his revocation hearing.

9   (Id.)  He did not request the presence of any adverse witnesses. (Id.)  The interviewing officer

10  recommended that the Parole Commission find probable cause that Petitioner had violated the

11  conditions of his release. (Id.)  On September 16, 2009, the Parole Commission found probable

12  cause as recommended. (See Resp't's Answer Ex. S.)  On November 4, 2009, the Parole

13  Commission determined that Petitioner was eligible for a five-year early termination hearing since he

14  had been in the community under supervision for five years at the time the warrant was issued. (See

15  Resp't's Answer Ex. T.)  Accordingly, the Parole Commission ordered a five-year early termination

16  hearing be conducted in conjunction with the parole revocation hearing. (Id.)

17         On December 4, 2009, the combined hearing was held. (See Resp't's Answer Ex. U.)

18  Petitioner was represented by a paralegal from the Office of the Federal Public Defender. (Id.)

19  Petitioner did not object to this representation. (Id.)  Petitioner objected to the timing of the hearing;

20  he complained that he did not have sufficient time to prepare for the hearing; he complained that he

21  was not able to notify his witnesses; and, he complained that his current supervision officer, Mr.

22  Amone Banks, was not provided advance notice of the hearing and was not present to testify as an

23  adverse witness. (Id.)  The hearing officer provided Petitioner several opportunities to continue the

24  hearing in order to secure his witnesses, his supervision officer, and to better prepare for the hearing,

25  but in each instance Petitioner refused, stating he desired to proceed with the hearing. (Id.)

26  The hearing officer concluded that Petitioner committed all charged violations. (Id.)  As a result of

27  the five-year early termination hearing, the Parole Commission ordered Petitioner to continue on

28  supervision. (See Resp't's Answer Ex. W.)  As a result of the revocation hearing that was held in

conjunction, the Parole Commission ordered his parole revoked and he be returned to prison to serve

his term until expiration on February 18, 2011. (See Resp't's Answer Exs. U, W.)  Although the

guideline range was 12-16 months, the Parole Commission found that a decision 14 months above

the guideline range was warranted based on Petitioner's extensive history of fraud and his failure to

abstain from fraudulent activity while under supervision. (Id.)  Petitioner appealed the decision, but

the appeal was affirmed on May 25, 2010. (See Resp't's Answer Ex. X.)

On June 10, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court.

Petitioner raises the following claims: 1) He claims he should have been represented by a lawyer at

his revocation hearing, not a paralegal; 2) He claims the Parole Commission lacked good cause to go

above the guideline range, and that the decision resulted in "double-counting"; 3) He contends his

request for an early termination hearing was ignored; 4) He alleges his revocation hearing was not

conducted according to time limits mandated by statute; 5) He claims he was not provided necessary

information to prepare for his hearing until only two days prior to the hearing, notwithstanding the

fact that the information could have been provided much earlier; and 6) He claims he was denied the

opportunity to confront his parole officer at the hearing.

On January 24, 2011, Respondent filed an answer to the petition.  Petitioner filed a traverse

to Respondent's answer on February 14, 2011.

## DISCUSSION

I.  Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction

or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28

U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719

F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,

643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.

Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by

way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,

929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616

F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the execution of his sentence. Therefore, the Court has jurisdiction to hear the instant claims in a habeas petition pursuant to § 2241.

A. Failure to Name a Proper Respondent

Respondent contends the Court lacks personal jurisdiction to grant the petition as Petitioner failed to name a proper respondent.

Respondent correctly argues that a failure to name the proper respondent deprives a habeas court of personal jurisdiction. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In federal habeas, the proper respondent is the petitioner's "immediate custodian." Brittingham, 982 F.2d at 379, *quoting* Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986) (Bork, J., in chambers); see also 28 U.S.C. § 2242.

However, the Court identified this jurisdictional issue and granted Petitioner leave to amend the petition to name a proper respondent on July 13, 2010. (See Docket Entry #9.) Petitioner thereafter moved to amend his petition on July 19, 2010 and July 28, 2010, to name the warden ("Benov") at his place of incarceration ("Taft Correctional Institution"). (See Docket Entries #10, 11.) On August 3, 2010, the Court granted the motion and directed the Clerk of Court to change the name of Respondent to Warden Benov of Taft Correctional Institution. (See Docket Entry #12.) Therefore, the Court has personal jurisdiction in this matter.

II. Review of Claims

A. Representation at Hearing

Petitioner first claims he was denied representation by a lawyer at his parole revocation hearing. He claims his representation by a paralegal violated his due process rights.

1    In the context of a parole hearing, a parolee is entitled to the following minimum due

2    process:

3    (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary

4    evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and

5    detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence

6    relied on and reasons for revoking parole.

7    Morrissey v. Brewer, 408 U.S. 471, 489 (1972).  There is no constitutional right to counsel at a

8    parole revocation hearing.

9    Pursuant to 18 U.S.C. § 4214(a)(2)(B), a parolee is entitled to representation by a lawyer, or

10   if he chooses, a representative.  In this case, the Parole Commission did not violate the statute by

11   allowing Petitioner to be represented by a paralegal from the Office of the Federal Public Defender.

12   In addition, Petitioner fails to show how he was prejudiced by his representation. The claim should

13   be rejected.

14   B.  Above the Guideline Range

15   Next, Petitioner claims the Parole Commission erred by going above the guideline range

16   without good cause.

17   Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable

18   even for abuse of discretion. Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc). If "the Commission's decision involves the exercise of judgment among a range of

19   possible choices or options," it is unreviewable. Id. at 1552. But a decision that "involves a plain violation of a matter which does not admit of discretion and choice" (such as the failure

20   to follow certain statutory requirements) is reviewable. Id. at 1551-52. For instance, if the Commission has rendered a parole decision "notwithstanding" or "above" the guidelines, a

21   court may consider whether the Commission failed to show "good cause" for doing so, but may only inquire whether that showing was arbitrary, irrational, unreasonable, irrelevant, or

22   capricious. Id. at 1551; see Bowen v. U.S. Parole Comm'n, 805 F.2d 885, 888 (9th Cir.1986). Finally, a court may consider constitutional challenges and determine whether the

23   Commission's action was so arbitrary as to violate due process. Wallace, 802 F.2d at 1552.

24   Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987).

25   In this case, the Parole Commission rendered a decision above the guideline range. In doing

26   so, the Commission concluded that Petitioner's history of fraudulent behavior and his violation of

27   parole conditions on three prior occasions were aggravating factors demonstrating a risk to the

28   public.  Petitioner has not shown this decision to be arbitrary, irrational, unreasonable, irrelevant, or

1    capricious.

2        C.  "Double Counting"

3        In a related claim, Petitioner contends the Parole Commission's reliance on Petitioner's

4    background to render an "above the guideline" decision constituted "double counting" since the

5    Parole Commission also relied on this factor to calculate the guideline itself.  Double counting did

6    not occur in this case since the same factor was not used twice.

7        Petitioner's criminal history was taken into account in establishing the guideline range.

8    However, the factor only considered the number of prior convictions sustained by Petitioner.  In

9    rendering the above the guideline decision, the Parole Commission went beyond the number of

10   convictions and considered the nature of those convictions.  The Commission noted that Petitioner

11   violated parole on three occasions by committing additional fraudulent acts.  Thus, the Commission

12   determined he posed a greater risk of danger to the public since he demonstrated continued

13   disrespect for the law while under supervision.  See Walker, 816 F.2d at 1316 ("The Commission

14   did not engage in double-counting when it considered the nature and circumstances of [the

15   petitioner's] prior involvement in a string of gang robberies in which weapons were used, because

16   the first element of the salient factor score rests only on the number of prior convictions, not on their

17   nature or chronology").

18       D.  Request for Early Termination Hearing/Failure to Hold Timely Hearing

19       Petitioner next alleges his requests for an early termination of supervision hearing were

20   ignored.  Petitioner claim is without foundation since he was in fact given an early termination

21   hearing in conjunction with his parole revocation hearing.  At the conclusion of the hearing, the

22   Parole Commission ordered Petitioner to continue on supervision. (See Resp't's Answer Ex. W.)

23       To the extent that Petitioner complains his hearing was not conducted in a timely manner, he

24   fails to demonstrate any prejudice.  See Hopper v. United States Parole Comm'n, 702 F.2d 842, 845

25   (9th Cir. 1983).  Although delayed, he did ultimately receive his hearing, and he fails to state how the

26   19-day delay prejudiced his rights.  Further, as correctly noted by Respondent, the only remedy for a

27   delayed hearing is a writ of mandamus ordering the Parole Commission to hold the hearing. Perroton

28   v. United States Parole Comm'n, 84 Fed.Appx. 903, 905 (9th Cir.2003) (unpublished).

1

2           E.  Failure to Provide Information in Timely Manner

3           Petitioner argues he was not provided with his disclosure packet in a timely manner in

4       violation of his due process rights under Morrissey v. Brewer, 408 U.S. 471 (1972).  He states the

5       packet was not provided to him until November 4, 2009, even though it was dated September 16,

6       2009.

7           As previously stated, in a revocation hearing a parolee is entitled to, *inter alia*, "written

8       notice of the claimed violations of parole" and "disclosure to the parolee of evidence against him."

9       Morrissey, 408 U.S. at 489.  The evidence was disclosed to Petitioner well in advance of the hearing.

10      He received notification of the charged violations and the evidence against him on June 29, 2009, at

11      the preliminary interview.  (See Resp't's Answer Ex. R.)  He then received his disclosure packet on

12      November 4, 2009.  The evidence was again disclosed to him at the hearing itself on December 4,

13      2009. (See Resp't's Answer Ex. U.)  It is clear that the requirements of Morrissey were met.

14      Moreover, there is no evidence that Petitioner was prejudiced in any manner.  He was informed of

15      the charges leveled against him over 5 months prior to the hearing, and he received the disclosure

16      packet one month before the hearing.  This was ample time to prepare for the hearing.  In addition,

17      Petitioner was given multiple opportunities to continue the hearing if indeed he was unprepared.

18          F.  Denial of Opportunity to Confront Adverse Witness

19          Finally, Petitioner claims he was denied the opportunity to confront the supervision officer

20      assigned to his case at the hearing.  Supervision Officer Amone Banks had been assigned to his case;

21      however, Mr. Banks did not testify at the hearing.  Officer Parsons was substituted in on behalf of

22      Officer Banks at the hearing, and Parsons testified based on the information contained in the case

23      file.

24          In Morrissey, the Supreme Court stated that, "[o]n request of the parolee, a person who has

25      given adverse information on which parole revocation is to be based is to be made available for

26      questioning in his presence." 408 U.S. at 471.  At his preliminary interview, Petitioner specifically

27      did not request the presence of Officer Banks or any other adverse witness at his hearing. (See

28      Resp't's Answer Ex. R.)  At the hearing itself, Petitioner was given three opportunities to continue

the hearing in order to secure the presence of Officer Banks or any other witness; nevertheless, he stated he desired to proceed with the hearing. (See Resp't's Answer Ex. U.)  By doing so, he waived his right to confront these witnesses.  In any case, Officer Parsons testified from the information contained in the case file, and Petitioner was given the opportunity to cross-examine Parsons on his testimony.  By a preponderance of evidence, the hearing officer determined the case file contained reliable information that Petitioner violated his conditions of parole. (Id.)  Given these facts, it is clear the minimum due process requirements set forth in Morrissey were met.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that:

1) The petition for writ of habeas corpus be DENIED; and

2) The Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    March 25, 2011             /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE